Argued and submitted August 18, reversed and remanded for reconsideration October 5, petition for review denied December 20, 1994 (320 Or 492)

In the Matter of the Compensation of
Deanna F. Marshall, Claimant.

## SAIF CORPORATION
and Dee's Beauty Nook,
*Petitioners,*

*v.*

Deanna F. MARSHALL,
*Respondent.*

(92-09708; CA A81381)

882 P2d 1115

James W. Moller, Special Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Kevin Keaney argued the cause for respondent. With him on the brief was Pozzi Wilson & Atchison.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

SAIF seeks review of an order of the Workers' Compensation Board setting aside its denial of a claim for compensation. In particular, SAIF contends that the Board erroneously construed the "corroborative evidence" requirement of ORS 656.128(3). We reverse and remand.

Claimant, a hairdresser, is the sole proprietor of a beauty salon. In April, 1992, claimant filed a claim for a right shoulder and arm condition, which she alleged was caused by her work activities. SAIF denied that claim, asserting that, under ORS 656.128(3), claimant, as a sole proprietor claiming compensation, was required to present evidence corroborating her own statements that her condition was compensably work-related, and that claimant had failed to present such evidence.[1] The referee rejected SAIF's argument and set aside the compensability denial, and the Board affirmed. Both the referee and the Board concluded that the "corroborative evidence" requirement of ORS 656.128(3) pertains to proof of a sole proprietor's insurance coverage, and not to proof of general compensability.[2]

The issue before us is one of basic, if by no means simple, statutory construction. It is also a question of first impression; no reported Oregon decision has construed ORS 656.128(3). ORS 656.128 reads:

"(1)   Any person who is a sole proprietor, or a member of a partnership, may make written application to an insurer to become entitled as a subject worker to compensation benefits. Thereupon, the insurer may accept such application and fix a classification and an assumed monthly wage at which such person shall be carried on the payroll as a worker for purposes of computations under this chapter.

"(2)   When the application is accepted, such person thereupon is subject to the provisions and entitled to the benefits of this chapter. The person shall promptly notify the insurer whenever the status of the person as an employer of

---

[1] SAIF argues, for example, that, to the extent medical opinions regarding compensability are based on claimant's uncorroborated statements or descriptions of work activities and causation, those opinions are legally insufficient to prove compensability.

[2] There is no dispute about the sufficiency of claimant's proof of coverage in this case.

subject workers changes. Any subject worker employed by such a person after the effective date of the election of the person shall, upon being employed, be considered covered automatically by the same guaranty contract that covers such person.

"(3)  *No claim shall be allowed or paid under this section, except upon corroborative evidence in addition to the evidence of the claimant.*

"(4)  Any person subject to this chapter as a worker as provided in this section may cancel such election by giving written notice to the insurer. The cancellation shall become effective at 12 midnight ending the day of filing the notice with the insurer." (Emphasis supplied.)

In construing the emphasized subsection (3), we look first to the statute's text and context. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). We conclude from that inquiry that the legislature, in enacting ORS 656.128(3), intended the corroborative evidence requirement to apply to proof of compensability, and not merely of insurance coverage.

The statutory text is straight-forward. Although the "corroborative evidence" language does not, by itself, specify what must be corroborated, the natural textual antecedent for that requirement is the phrase "no claim shall be allowed or paid under this section." Thus, the corroboration requirement pertains to facts essential to the allowance or payment of claims for compensation, *i.e.*, compensability. Sole proprietors or partners making claims for compensation by virtue of ORS 656.128 must present corroborative evidence of compensability.

The Board's contrary, and much narrower, reading of the statute focused on the use of the term "section" in ORS 656.128(3). Claimant argued, and the Board agreed, that because ORS 656.128 pertains generally to election of workers' compensation coverage by sole proprietors and partners, the reference to "this section" in ORS 656.128(3) limited the corroborative evidence requirement to the principal subject of ORS 656.128, *i.e.*, coverage. The Board noted, particularly, that if the legislature had intended to require corroboration of compensability in general, it would have

employed the term "this chapter" (*i.e.*, ORS chapter 656), rather than "this section."[3]

We reject the Board's reading for several reasons. First, that reading, which depends exclusively on "section," ignores the rest of the text. As noted, given the statute's syntax, the corroboration requirement must pertain to facts essential for allowance or payment of a *"claim."* Coverage is not a "claim" that can be "allowed" or "paid." It is, rather, just one of a universe of facts that a claimant may have to prove in establishing an entitlement to compensation.

Second, in a related sense, the Board's interpretation impermissibly "insert[s] what has been omitted" from the statute. ORS 174.010. The plain language of ORS 656.128(3) speaks, without qualification, of "corroborative evidence." It does not say "upon corroborative evidence *of coverage.*"

Third, the Board's preoccupation with the use of "section" is misplaced. If "chapter" were substituted for "section" in ORS 656.128(3) — *e.g.*, "No claim shall be allowed or paid *under this chapter* * * *" — the statute would suggest, erroneously, that the corroborative evidence requirement applied to *all* claims under ORS chapter 656.

Finally, limiting the corroborative evidence requirement to proof of insurance coverage makes little sense. As a practical matter, insurance coverage is easily and conclusively documented. Indeed, under the Board's reading, the corroboration requirement would apply only in those extremely rare cases in which sole proprietors or partners claimed to have compensation coverage but were unable to produce proof of insurance. Conversely, legislative concern that sole proprietors or partners might seek compensation for nonwork-related conditions seems much more plausible.[4] *See* ORS 656.140(5) (imposing corroborative evidence requirement on persons, including partners, who own or have leasehold interest in certain heavy equipment, which they operate for hire, and who elect workers' compensation coverage).

---

[3] In so holding, the Board noted that ORS 656.128(1), (2) and (4), refer to "this chapter."

[4] There appears to be no recorded legislative history of ORS 656.128(3), which was enacted in substantially its present form in 1941. Or Laws 1941, ch 206, § 1.

*Accord* ORS 742.504(2)(g)(B) (requiring corroborating evidence of "phantom vehicle" accidents).

We are aware that our interpretation of ORS 656.128(3) means that some claimants who would otherwise be entitled to recover compensation may be unable to do so for lack of corroborative evidence of compensability. Yet that was the legislature's choice. The statute's text and context permit no other conclusion.

Reversed and remanded for reconsideration.