Argued and submitted September 24; resubmitted In Banc December 11, 1996; reversed and remanded to Workers' Compensation Board for reconsideration January 29, petition for review allowed April 22, 1997 (325 Or 280) See later issue Oregon Reports

In the Matter of the Compensation of
Deana F. Marshall, Claimant.

Deana F. MARSHALL,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(92-09708; CA A90412)

931 P2d 823

In Banc

Kevin Keaney argued the cause for petitioner. With him on the brief was Pozzi Wilson Atchison.

Julene M. Quinn argued the cause for respondent.

RIGGS, J.

Armstrong, J., concurring.

Leeson, J., dissenting.

### RIGGS, J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) that reinstated SAIF's denial of her claim on the ground that claimant had failed to provide corroborative evidence of compensability in addition to her own evidence, as required by ORS 656.128(3). We reverse the order and remand the case to the Board for reconsideration.

Claimant, a hairdresser, is the sole proprietor of a beauty salon. She elected workers' compensation coverage for herself under ORS 656.128(1) and (2). In April 1992, she filed a claim for a right arm and shoulder injury, which she alleged was caused by her work. SAIF denied her claim, relying on ORS 656.128(3):

> "No claim shall be allowed or paid under this section, except upon corroborative evidence in addition to the evidence of the claimant."

According to SAIF, claimant failed to present corroborative evidence that the injury was compensable. The administrative law judge (ALJ) set aside SAIF's denial on the ground that the corroborative evidence requirement pertains to proof of coverage, not to proof of compensability. The Board affirmed the ALJ. In *SAIF v. Marshall*, 130 Or App 507, 510, 882 P2d 1115, *rev den* 320 Or 492 (1994) (*Marshall I*), we reversed the Board, holding that the corroborative evidence requirement of ORS 656.128(3) pertains to proof of compensability, and we remanded the case to the Board.

On remand, claimant proffered the medical reports of Dr. Rabie, who had examined her in February and March of 1992, as corroborative evidence of compensability. Based on claimant's own account of her injury and on his examination, Rabie reported that

> "all of [claimant's] conditions are secondary to the repetitive and fast type of activity carried out in hair dressing. Unfortunately[,] having worked five to six hours per day is probably a significant aggravating factor.
>
> "* * * * *
>
> "I believe that [claimant] suffers from a repetitive use type tendinitis * * * no doubt secondary to her work activities."

The Board was of the view that, because the doctor's opinion depended in part on a history that claimant herself had provided, the report was not "in addition to the evidence of the claimant." It held that "the record contains no corroborative evidence of compensability, in addition to claimant's evidence," and reinstated SAIF's denial.

Claimant assigns error to that holding. She contends that Rabie's medical reports are corroborative evidence of compensability, because they are "different in character [from claimant's evidence] and tend to confirm claimant's testimony on the compensability of her claim." SAIF argues that those medical reports are not corroborative evidence, because they "cannot confirm [that] the activity occurred at work," and do "not tend to strengthen or confirm the occurrence of the activity." Furthermore, SAIF argues, Rabie's reports are "not additional evidence, because [they have] claimant as [their] only source."

■ Other than in *Marshall I*, the meaning of the term "corroborative" as used in ORS 656.128(3) has not been considered in the cases, nor is it defined in the statute. In *Marshall I*, 130 Or App at 510, we said that the evidence must be corroborative of compensability. We did not discuss, however, what kind of evidence would be considered corroborative of compensability. As required by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), in interpreting the statute, we begin with its text, construing words of common usage according to their plain, natural and ordinary meaning. According to *Webster's Third New World Dictionary* 512 (1971), "corroborative" means "tending to make more certain." *Black's Law Dictionary* 414 (rev 4th ed 1968), defines "corroborating evidence" as

> "[e]vidence supplementary to that already given and tending to strengthen or confirm it; additional evidence of a different character to the same point."

As reflected in the dictionary definitions, in the context of ORS 656.128(3), the ordinary meaning of the term corroborative evidence is evidence, different from the evidence of the claimant, that tends to make more certain the compensability of the claim. Thus, any evidence that makes more certain

*either* the "arising out of" or "in the course of" prong of compensability is corroborative.[1]

■　The parties appear to agree that, as used in the statute "the evidence of the claimant" is something narrower than all the evidence put forth by a claimant. We need not define the precise limits of that phrase for the purpose of this case, however. SAIF asserts that the corroborating evidence must be in addition to claimant's own *statements* concerning her condition, including the medical history that she provided to her physician. We accept that premise for the sake of this discussion. SAIF takes the view that, because the doctor's opinion depended in part on the history that claimant herself had provided, the medical reports are not in addition to claimant's own statements and for that reason are not corroborative. That is wrong. Certainly, a doctor relies on a patient's history to formulate a medical opinion; but the opinion itself, as to diagnosis, causation and treatment, is the *doctor's* opinion, based collectively on the patient's history, a physical examination *and* the doctor's own expertise. The doctor's reports are evidence "in addition to" the claimant's evidence.

■　Not only are the medical reports "in addition to" claimant's statements, they do, in fact, corroborate compensability. They show that claimant described to her doctor the same employment conditions that she had reported on her claim and to which she testified. The doctor's opinion attributes claimant's injury and need for treatment to the employment conditions claimant described. The reports accordingly corroborate both the "arising out of" and "in the course of" components of proof of compensability, ORS 656.005(7), and satisfy the requirement of ORS 656.128(3), because they make more certain the compensability of the claim. In the light of our disposition of this first assignment of error, we need not consider the second assignment.

　　　Reversed and remanded to Workers' Compensation Board for reconsideration.

---

[1] The dissent and the majority part ways here, the dissent concluding that both prongs must be corroborated. In our view, evidence that corroborates either prong makes compensability more certain.

**ARMSTRONG, J.,** concurring.

I join the majority because I agree with it that the Board erred in concluding that claimant had failed to submit corroborative evidence on her claim. I disagree, however, with its conclusion that the corroboration requirement in ORS 656.128(3) is satisfied if corroborative evidence is submitted on either element of the test for whether an injury or disease is work related. I agree with the dissent that the statute requires corroborative evidence to be submitted on both elements of the test.

**LEESON, J.,** dissenting.

I would affirm the Board. Although I agree with the majority's definition of corroborative evidence, I disagree with its conclusion that Dr. Rabie's reports "corroborate both the 'arising out of' and 'in the course of' components of proof of compensability." 146 Or App at 54. In *SAIF v. Marshall,* 130 Or App 507, 510, 882 P2d 1115, *rev den* 320 Or 492 (1994) (*Marshall I*), we held that the corroborative evidence requirement pertains to compensability, not coverage. In my view, the majority ignores the consequence of that decision, which is that a sole proprietor must present corroborative evidence in addition to her own evidence that her injury arose out of and occurred in the course of her employment. Accordingly, I dissent.

ORS 656.128(3) provides that "[n]o claim shall be allowed or paid under this section, except upon corroborative evidence in addition to the evidence of the claimant." According to our opinion in *Marshall I,* that corroborative evidence requirement pertains to compensability, not to coverage. In order to be compensable, an injury must "arise out of" and occur "in the course of" employment. ORS 656.005(7)(a). The "arising out of" prong of the compensability test refers to the causal connection between the injury and employment, while the "in the course of" prong refers to the time, place and circumstance of the injury. *First Interstate Bank v. Clark,* 133 Or App 712, 717, 894 P2d 499, *rev den* 321 Or 429 (1995). To establish compensability, a claimant must satisfy both prongs to some degree. *Krushwitz v. McDonald's Restaurants,* 323 Or 520, 531, 919 P2d 465 (1996). In the light of

*Marshall I,* I believe that sole proprietors must present corroborative evidence in addition to their own evidence regarding both prongs.

In this case, the only evidence that claimant presented was her own evidence and the reports of Dr. Rabie, which contained the following statements:

> "All of [claimant's] conditions are secondary to the repetitive and fast type of activity carried out in hair dressing. Unfortunately[,] having worked five to six hours per day is probably a significant aggravating factor.

> "* * * * *

> "I believe that [claimant] suffers from a repetitive use type tendinitis * * * no doubt secondary to her work activities."

I agree with the majority that Rabie's reports satisfy the "arising out of" prong of the compensability test, because they are some evidence in addition to claimant's evidence regarding causation. However, those reports are not corroborative evidence in addition to claimant's evidence regarding the time, place or circumstance of her injury. The medical history on which Rabie relied came from claimant and Rabie's diagnosis would be the same whether claimant's injury occurred at the beauty salon or during her nonworking hours while engaged in some other activity that involves rapid, repetitive hand movements. Therefore, his reports do not provide corroborative evidence in addition to claimant's evidence regarding the time, place or circumstance of claimant's injury.

The Board's majority opinion recognizes that ORS 656.128(3) makes it more difficult for sole proprietors than nonsole proprietors to prove the compensability of their injuries. However, that difficulty is not insurmountable. In this case, for example, as the Board majority observed,

> "corroborating evidence could be provided by another person who saw the injury happen, or by a person who could confirm that an injury happened at some time during a particular day (*e.g.,* by someone who saw the claimant before and after work). Corroborating evidence could also be provided by testimony that the piece of equipment that caused

the injury is located only at the claimant's workplace. In this case, for example, corroborating evidence could have been provided by the hairdressers who leased work space from claimant, or by her husband, regarding the type of activities involved in hair styling, claimant's arm complaints, or the increased hours claimant worked in early 1992."

The purpose of the corroborative evidence requirement of ORS 656.128(3) is to protect insurers from having to pay for nonwork related injuries merely because the sole proprietor claims that they are work related. That does not mean, of course, that the corroborative evidence rule should be construed to shield insurers from all claims by sole proprietors. In this case, claimant's injury is a type of tendinitis that could have its origin in many kinds of activities, both work related and nonwork related. Although she is a sole proprietor, claimant's work as a hairdresser puts her in contact with a variety of people who could provide evidence in addition to her evidence about the time, place and circumstances of her injury. This case does not involve a sole proprietor who has no contact with anyone else or whose injury is consistent only with the kind of work in which the sole proprietor engages or whose injury could be caused only by the equipment with which the sole proprietor works.

Because in my view Rabie's reports are not corroborative evidence in addition to claimant's evidence regarding the time, place and circumstance of her injury, I would hold that claimant has not satisfied ORS 656.128(3). Furthermore, I do not believe that the Board abused its discretion by refusing to remand the case to the ALJ to take additional evidence. The Board's authority to remand a case stems from ORS 656.295(5), which provides only that the Board "may remand" if it determines that a case has been improperly, incompletely or otherwise insufficiently developed. The decision to remand falls squarely within the Board's discretion. *Liberty Northwest Ins. Corp. v. Griggs*, 112 Or App 44, 49, 827 P2d 921 (1992). In my view, the Board's conclusion that there was no compelling basis to remand and that claimant had failed to establish that relevant corroborative evidence was unavailable to her at the time of the hearing is well within the Board's discretion.

I respectfully dissent.

Landau, J., joins in this dissenting opinion.