Argued and submitted November 4, 1997; reassigned July 16, decision of Court of Appeals affirmed; order of Workers' Compensation Board reversed and case remanded to Workers' Compensation Board December 3, 1998

In the Matter of the Compensation of
Deana F. Marshall, Claimant.

Deana F. MARSHALL,
*Respondent on Review,*

*v.*

SAIF CORPORATION,
*Petitioner on Review.*

(WCB 92-09708; CA A90412; SC S44060)

968 P2d 1281

Michael O. Whitty, Salem, argued the cause for petitioner on review. Julene M. Quinn, Salem, filed the petition.

Meagan Flynn, of Pozzi, Wilson, Atchison, Portland, argued the cause for respondent on review.

Before Carson, Chief Justice, Gillette, Van Hoomissen, and Durham, Justices.**

GILLETTE, J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Graber, J., resigned March 31, 1998, and did not participate in this decision; Kulongoski, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

In this workers' compensation case, the issue is whether claimant, a sole proprietor, submitted sufficient evidence to corroborate her claim of compensability for an occupational disease, thereby permitting recovery under ORS 656.128(3).[1] The Workers' Compensation Board (Board) concluded that a doctor's report, based on a history provided by claimant, was insufficient and upheld the insurer's denial of the claim. The claimant appealed, and a divided Court of Appeals, sitting en banc, reversed, holding that a doctor's opinion as to diagnosis, causation, and treatment is, by its very nature, based on more than a patient's statements and, therefore, corroborates the components of proof of compensability. *Marshall v. SAIF*, 146 Or App 50, 931 P2d 823 (1997) (*Marshall II*). We allowed the insurer's petition for review to consider the quantity and quality of corroborative evidence that must appear in the record to satisfy the requirements of ORS 656.128(3). We now affirm the decision of the Court of Appeals, but on different grounds.

The facts of the case that are pertinent to the issue before the court are undisputed. Claimant has been a hairdresser for 35 years. For approximately the past 20 years, she has been the sole proprietor of her own salon. She elected workers' compensation coverage for herself with SAIF Corporation (SAIF) under ORS 656.128.

In 1991, claimant began to notice pain in her right hand and arm. The symptoms gradually worsened and, by January 1992, the pain had radiated up through her wrist and elbow into her shoulder. In February 1992, claimant consulted a physician, Dr. Rabie, who diagnosed tendinitis and capsulitis in her right index finger, thumb, elbow, and shoulder. Based on claimant's account of her condition, Rabie concluded that the problem was the result of her repetitious hand and arm movements at work, and instructed her to limit her work to four hours per day.

---

[1] ORS 656.128(3) provides:

"No claim shall be allowed or paid under this section, except upon corroborative evidence in addition to the evidence of the claimant."

In April 1992, claimant submitted a workers' compensation claim for tendinitis in her right thumb, finger, elbow, and shoulder. SAIF denied the claim on the ground that claimant's work as a hairdresser was not the major contributing cause of the development or worsening of her tendinitis. Claimant requested a hearing and, before a Hearings Division referee, presented her own testimony as to compensability, along with Rabie's report diagnosing tendinitis and concluding, based on information that claimant had provided to him, that claimant's condition resulted from her work activities.

After the hearing, SAIF submitted a trial memorandum to the referee in which it contended that, in addition to its other reasons for denying claimant's claim, the claim should be denied because claimant failed to sustain her burden of proof as a sole proprietor under ORS 656.128(3).[2] SAIF argued that, because the only evidence that claimant offered at the hearing to support the claim that the condition was work-related was claimant's own testimony and the doctor's report (which, itself, was based on claimant's own recitation of her history), claimant had failed to submit corroborative evidence "in addition to" her own evidence.

In response, claimant argued, among other things, that ORS 656.128(3) requires sole proprietors to submit evidence corroborating only the fact of coverage under the workers' compensation statute (which is not in dispute in this case), not compensability under that law. The referee accepted that interpretation and concluded that claimant had proved that she was eligible for workers' compensation coverage as a self-employed worker. Turning to the merits of claimant's claim, the referee found that claimant's work required fast, repetitive use of her hands and arms, that she performed no repetitive activities with her hands off-work, and that claimant's work activity as a hairdresser was the major contributing cause of her condition. He concluded that claimant had met her burden of proof. SAIF requested review. The Board affirmed and adopted the referee's order.

---

[2] SAIF also had raised the general issue of the applicability of ORS 656.128(3) orally at the hearing.

SAIF sought judicial review in the Court of Appeals. That court reversed the Board on the issue of the proper interpretation of ORS 656.128(3), holding that "the corroboration requirement pertains to facts essential to the allowance or payment of claims for compensation, *i.e.*, compensability," rather than to coverage. *SAIF v. Marshall*, 130 Or App 507, 510, 882 P2d 1115, *rev den* 320 Or 492, 887 P2d 793 (1994) (*Marshall I*). It remanded the case to the Board for reconsideration.

On remand, claimant asserted that her consistent medical histories, provided to her own doctor and to the physicians who examined her on behalf of SAIF, as well as her consistent statement to SAIF's investigator, constituted sufficient corroborative evidence to satisfy the requirements of ORS 656.128(3).[3]

In its order on remand, the Board held that the corroborative evidence required by the statute "must be supplementary to and of a different character from claimant's evidence." On the facts of the present case, the Board concluded that neither the physicians' reports nor claimant's statement to the investigator constituted "corroborative evidence in addition to the evidence of the claimant," inasmuch as they were not supplementary to or different in character from her own testimony. According to the Board, the medical reports corroborated the existence of claimant's medical *condition*, but they did not corroborate the *cause* of that condition. Consequently, it reinstated and upheld SAIF's denial of claimant's claim.[4]

Claimant again sought judicial review in the Court of Appeals, this time assigning error to the Board's conclusion that Rabie's medical report did not constitute corroborative evidence of compensability and, alternatively, to the Board's refusal to remand the case to the referee to allow claimant to present additional corroborative evidence. The

---

[3] Claimant also asked the Board to remand the case to the referee for the presentation of additional corroborative evidence, should the Board find her corroboration argument unpersuasive.

[4] The Board refused to remand the case to the referee to allow claimant to offer additional evidence.

Court of Appeals reversed the Board on the first issue and, therefore, did not reach the second.

In its opinion, the Court of Appeals began by analyzing the wording of ORS 656.128(3), using the methodology prescribed by this court in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). It looked at the text of the statute and construed words of common usage according to their plain, natural, and ordinary meaning. *Marshall II*, 146 Or App at 53. The court noted that the word "corroborative" is not defined in the statute but that, according to *Webster's Third New World Dictionary*, 512 (1971), "corroborative" means "tending to make more certain." *Marshall II*, 146 Or App at 53. The court also noted that *Black's Law Dictionary*, 414 (rev 4th ed 1968) defines "corroborating evidence" as "[e]vidence supplementary to that already given and tending to strengthen or confirm it; additional evidence of a different character to the same point." Based on those dictionary definitions, the court concluded that "any evidence that makes more certain *either* the 'arising out of' or 'in the course of' prong of compensability is corroborative." *Id.* at 53-54 (emphasis in original).[5]

The Court of Appeals assumed, for the sake of discussion, that the phrase "evidence of the claimant" in ORS 656.128(3) means claimant's own statements and then rejected SAIF's argument that the medical reports are not *in addition to* claimant's statements. *Id.* at 54. The court stated that, although the doctor relied on the patient's history to formulate a medical opinion, the opinion was his own, based collectively on the patient's history, a physical examination, and the doctor's own expertise. *Ibid.* The court held that,

> "[n]ot only are the medical reports 'in addition to' claimant's statements, they do, in fact, corroborate compensability. They show that the claimant described to her doctor the same employment conditions that she had reported on her

---

[5] Although not discussed in the Court of Appeals' opinion, the reference to the " 'arising out of' or 'in the course of' prong" is a reference to the workers' compensation statute that defines a compensable injury or occupational disease as one "arising out of and in the course of employment." ORS 656.005(7)(a); ORS 656.802(1)(a). *See, e.g., Krushwitz v. McDonald's Restaurants*, 323 Or 520, 526, 919 P2d 465 (1996) (explaining that the "arising out of" and "in the course of" requirements of the statute are two parts, or "prongs," of a single, unitary, test).

claim and to which she testified. The doctor's opinion attributes claimant's injury and need for treatment to the employment conditions claimant described. The reports accordingly corroborate both the 'arising out of' and 'in the course of' components of proof of compensability, ORS 656.005(7), and satisfy the requirement of ORS 656.128(3), because they make more certain the compensability of the claim."

*Ibid.*

■       On review, we need not address the correctness of the Court of Appeals' reasoning regarding the sufficiency of the medical reports, because, for the following reasons, we conclude that sufficient corroborative evidence is present in this case to support the claim.

At the outset, we note that claimant's tendinitis is compensable, if at all, as an "occupational disease" under ORS 656.802(1)(a)(C). That section defines an occupational disease as a "series of traumatic events or occurrences which requires medical services or results in physical disability," that "arise[s] out of and in the course of employment caused by * * * activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment." Employment conditions must be "the major contributing cause of the disease." ORS 656.802(2)(a).

■       Claimant has the burden of proving, by a preponderance of the evidence, that the occupational disease is compensable. ORS 656.266; *Hutcheson v. Weyerhaeuser*, 288 Or 51, 55-56, 602 P2d 268 (1979). In the ordinary case, where the claimant is an employee of a covered employer, the claimant can make out a *prima facie* case of compensability with her own testimony, so long as it is credible, together with "medical evidence supported by objective findings" establishing the existence of an occupational disease. ORS 656.802(2)(d). Where, as here, the claimant is a sole proprietor, however, she carries an additional burden. ORS 656.128(3) provides:

"[n]o claim shall be allowed or paid under this section [permitting sole proprietors to elect workers' compensation coverage], except upon corroborative evidence in addition to the evidence of the claimant."

The statute requires the claimant to produce corroborative evidence in addition to the "*evidence* of the claimant." (Emphasis added.) However, as the Court of Appeals recognized, the statute does not define the phrases "corroborative evidence" or "evidence of the claimant," nor does it specify what, exactly, must be corroborated. As did the Court of Appeals, we attempt to discern the intent of the legislature using the methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or at 610-12. At the first level of our analysis, we look at the text and context of the statutory section itself. *Id.* at 610-11.

It is clear that the legislature could not have intended the phrase "evidence of the claimant" to mean all the evidence a claimant presents at a workers' compensation hearing, for that would lead to the absurd result that no claimant could ever meet the burden because any evidence offered as corroboration would, itself, be "evidence of the claimant." At the same time, the statute does not require merely that a claimant's *testimony* be corroborated by other evidence. The text, therefore, suggests that something more is required and appears to reflect a heightened legislative concern over a claimant's credibility. It is evident from the wording in ORS 656.128(3), that the purpose of the statute is to prevent fraud; that is, to prevent a sole proprietor from falsely claiming workers' compensation coverage for any injury or occupational disease that is not compensable. We conclude, therefore, that it is a claimant's statements, in or outside of a legal proceeding, that must be corroborated under ORS 656.128(3).

Turning to "corroborative evidence," we agree with the Court of Appeals' definition of that phrase, as "evidence, different from the evidence of the claimant, that tends to make more certain the compensability of the claim." *Marshall II*, 146 Or App at 53. We have defined corroboration or corroborative evidence similarly in other contexts in our decisions over the years. For example, in *Farmers Insurance Exch. v. Colton*, 264 Or 210, 217, 504 P2d 1041 (1972), *quoting* 2 E. Conrad, Modern Trial Evidence § 1155 (1956), we held that "corroboration" is " 'something which leads an

impartial and reasonable mind to believe that material testimony is true, testimony of some substantial fact or circumstance independent of a statement of a witness.' " Nothing in the statutory context of ORS 656.128(3) points to a different interpretation. Therefore, we hold that the corroborative evidence required in ORS 656.128(3) must be independent of and apart from claimant's own statements.

The remaining question, then, is what, exactly, a sole proprietor must corroborate. As the Court of Appeals held in *Marshall I*, the wording of the statute requires the claimant to corroborate *compensability*. To be compensable, an injury or occupational disease must arise out of and in the course of employment. ORS 656.005(7)(a); ORS 656.802(1)(a). In the case of an occupational disease, there is the additional requirement that the employment conditions were the major contributing cause of the disease. ORS 656.802(2)(a). We have held, in the context of an accidental injury, that the "arising out of" prong and the "in the course of" prong are "two parts of a single 'work-connection' analysis, in order to determine whether an employee suffered a compensable injury." *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 526, 919 P2d 465 (1996); *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994) (" 'arising out of' and 'in the course of' are two elements of a single inquiry"). Likewise, the requirement that employment conditions be the major contributing cause of an occupational disease is part of that "work-connection" analysis.

To corroborate *compensability*, then, a sole proprietor must provide not only corroborative evidence of the *existence* of the injury or disease, but also corroborative evidence that the injury or occupational disease is *work-related*. The evidence is "*corroborative*" if it supplements, strengthens, and confirms the testimony of the claimant and tends to verify her version of the facts. Nothing in ORS 656.128(3), however, requires the claimant to establish a *prima facie* case with corroborative evidence. We hold that a sole proprietor satisfies the corroboration requirement of ORS 656.128(3) if she provides *any* evidence, independent of and apart from her own statements, that supplements, strengthens, and confirms that the injury or disease exists and that it is work-related. We thus find the statute's meaning to be clear at the first

level of inquiry, and need not inquire further. *PGE*, 317 Or at 611.

At the hearing before the Board, claimant provided corroborative evidence of the *existence* of her tendinitis in the form of Rabie's medical report. It is true that even the doctor's medical conclusions are based, in part, on claimant's complaints of pain in her hand, arm, and shoulder. Yet, the doctor's own examination, expertise, and diagnosis are necessary to confirm that the disease of tendinitis exists. That additional "evidence" provides sufficient corroboration of claimant's claim in that regard.

Finally, we consider whether the doctor's report corroborated claimant's assertion that the tendinitis is work-related. We hold that it did, under the peculiar facts presented here. There are a few kinds of employment that are so familiar to the ordinary person that no further proof of specific physical activities by a claimant on the job is required. We believe that the work of a hairdresser fits within such a class. Most persons have observed hairdressing first hand and, even for those who have not, they almost surely are aware that the work requires rapid and repetitive hand and arm movements. The doctor should be deemed to have been aware of that fact independent of claimant's history. Thus, in this case, the necessary corroboration was present.

SAIF argues that claimant separately must corroborate the fact that her work was the major contributing cause of her disease. The effect of that argument in the present case would be to require claimant to submit corroborative evidence of a negative, *viz.*, of the fact that she did not carry on activities off the job that involved rapid and repetitive hand and arm movements of the kind that could have caused her tendinitis. We hold, however, that claimant satisfied that requirement of ORS 656.128(3) by providing evidence corroborating the job-related nature of her claim. That, coupled with her denial of similar physical activity off the job, made out her *prima facie* case.

It follows from the foregoing that, although we disagree with portions of the analysis of the Court of Appeals in this case, we do agree with its conclusion.

The decision of the Court of Appeals is affirmed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Workers' Compensation Board for further proceedings.