Argued and submitted March 15, 1991, reversed and remanded March 11, 1992

In the Matter of the Compensation of
Michael A. Griggs, Claimant.
LIBERTY NORTHWEST
INSURANCE CORPORATION
and Hageman Brothers Construction,
*Petitioners,*

*v.*

Michael A. GRIGGS,
Calista Construction Co., Cigna Insurance,
St. Johns Construction and SAIF Corporation,
*Respondents.*

(WCB 88-04104, 88-03394,
88-03395; CA A61722)

827 P2d 921

Stafford J. Hazelett, Portland, argued the cause and filed the brief for petitioners.

Rick W. Roll, Tillamook, filed the brief for respondent Michael A. Griggs.

Jerald P. Keene, Portland, argued the cause for respondents Calista Construction Co. and CIGNA Insurance. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Jerome Lidz, Assistant Attorney General and Thomas E. Ewing, Assistant Attorney General, Salem, filed the brief for respondents St. Johns Construction and SAIF Corporation.

Before Richardson, Presiding Judge, and Deits and Edmonds, Judges.

DEITS, J.

**DEITS, J.**

After the Workers' Compensation Board (Board) issued its opinion in this case, Hageman Brothers Construction (employer) requested the Board to reconsider its order under ORS 656.295(5) in the light of newly developed evidence and to withdraw its order for purposes of reconsideration under ORS 183.482(6). Employer argues that the Board erred in denying the requests, in concluding that claimant, while employed by it, suffered a compensable injury in October, 1987, and in concluding that its denial of the claim was unreasonable. Employer finally argues that the Board erred in failing to order reimbursement to its carrier (Liberty) by claimant's other employers.

Claimant received an unscheduled permanent partial disability award for an injury to his low back that occurred in May, 1986, while he was working for Calista Construction Company (Calista). He began working as a carpenter for employer in August or September, 1987. Claimant asserts that he was injured twice while working for employer. According to his testimony, he stepped off a platform at the work site on October 22, 1987, and twisted his left ankle. He also testified that, on October 26, 1987, he was injured when he jumped out of the way of a large piece of concrete pipe that fell from an overhead crane. He said that he jumped off a platform into a pit and was unconscious for several minutes. Although there were several other people on the platform, no one saw claimant jump or be injured. He testified that his back became sore that night and got worse each day thereafter until he was laid off on October 30, 1987, and that his back symptoms gradually worsened. He began working for St. Johns Construction Company (St. Johns) in early December but quit after two days because of back pain. He then sought medical treatment.

In December, 1987, claimant filed claims against employer and St. Johns, which both denied. He also filed an aggravation claim with Calista, which was also denied. On May 11, 1988, a hearing was held on the denials. Liberty, CIGNA and SAIF represented employer, Calista and St. Johns, respectively. At the hearing, employer argued that it had no knowledge that claimant had been injured or that a crane accident had occurred. It offered evidence, including

claimant's criminal convictions, to attack his credibility. Some, but not all, of the evidence was admitted. The referee found that claimant was more credible than employer's representatives. He also noted that employer's own witnesses testified that a concrete object did fall from a crane and also that claimant had reported a foot injury. The referee found that the physician's reports supported claimant's description of the injury and concluded that claimant had suffered a new injury at employer. His order, issued on May 25, 1988, required employer to accept the claim and imposed a penalty for unreasonable denial. It also approved the denials of the other employers. On May 31, 1988, Liberty requested review of that order, and, on June 2, 1988, claimant filed a cross-request for review.

On March 24, 1989, a different referee issued an order approving a settlement[1] reached between claimant and employer during a determination order hearing in this case. The morning of the second day of that proceeding, the parties advised the referee of the settlement that they had reached during the overnight recess. Employer's attorney told the referee that, at the 1988 hearing before the other referee, claimant had not provided completely accurate information about his employment activities between the time that he worked at employer and St. Johns; he advised the referee that claimant had earlier denied that he had worked during that time but that there was evidence that he had done strenuous work without complaints of pain during that time period. The

---

[1] The parties stipulated:

"1. The employer/insurer withdraws its Request for Hearing on the October 11, 1988 Determination Order, and said request shall be dismissed with prejudice.

"2. The claimant withdraws his Request for Hearing on the October 11, 1988 Determination Order, and said request shall be dismissed with prejudice.

"3. The claimant withdraws his Request for Hearing concerning any medical services to which he might be entitled under the accepted claim status and his request for penalties and fees for any claim processing errors, and said Requests for Hearing shall be dismissed with prejudice.

"4. The denial of the compensability of claimant's claim issued by counsel for the employer/insurer on March 16, 1989 will not be appealed by claimant and will remain in full force and effect.

"5. The employer/insurer retains its rights to whatever civil legal recourse it may have against claimant outside the Workers' Compensation System of the State of Oregon."

attorney stated that "the omission of that information satisfies the *Bauman* requirement for fraud and misrepresentation or other illegal acts"[2] and that, after the settlement was approved, employer would "be making [an] appropriate motion to the Workers' Compensation Board to dismiss the pending appeal [of the 1988] order." In the order approving the settlement, the referee explained:

> "Evidence was adduced at hearing * * * on March 15, 1989, to the effect that after claimant left [employer], he engaged in physical activity and labor that during testimony [at the 1988 hearing] he had denied. Evidence further indicated that during the time claimant's claim was in denied status he received money for his labor that he did not report to the insurer prior to its paying disability compensation to claimant under the terms of [the 1988] Opinion & Order."

On March 30, 1989, Liberty moved to withdraw its request for review of the 1988 order holding employer responsible for claimant's injury. It gave as reasons that

> "the underlying claim of compensable injury against [employer] has been finally found not compensable as a result of litigation regarding a retroactive denial of the claim from the beginning."

The motion attached a copy of the 1989 order after the settlement and requested the Board to take administrative notice of that order and record. Despite that motion, claimant continued to seek affirmance of the 1988 order on his cross-request for review, and the Board affirmed and adopted it. The Board noted in its order that employer had withdrawn its request for review but had sought reimbursement if another employer was found responsible for the claim. The Board, however, found that, *in view of employer's withdrawal*, the request for reimbursement was moot and "offer[ed] no comment concerning the validity of [the 1989] order."

A week after the Board had issued its order, employer moved for reconsideration. It asked the Board to take administrative notice of "admissions made by claimant"

---

[2] *Bauman v. SAIF*, 295 Or 788, 794, 670 P2d 1027 (1983), held

"If * * * the insurer officially notifies the claimant that the claim has been accepted, the insurer may not, after the 60 days have elapsed, deny the compensability of the claim unless there is a showing of fraud, misrepresentation or other illegal activity."

in the settlement hearing and to consider evidence unobtainable at the time of that hearing. The Board issued an order denying reconsideration, stating as its reason:

"Former [Board] Chairman Johnson, along with [Board] Member Ferris, signed the Board's majority opinion in the July 19, 1989 Order on Review. Inasmuch as Mr. Johnson is no longer on the Board, the Board consists of two members. The remaining members cannot reach agreement concerning the Motion for Reconsideration."

Employer again requested the Board to reconsider and asked it to withdraw its order for reconsideration under ORS 183.482(6). The Board concluded that it lacked jurisdiction to reconsider its final order under ORS 656.292(5), because a petition for review of the order had been filed with this court on August 16, 1989. It also refused to withdraw its order for reconsideration under ORS 183.482(6).

ORS 656.295(5) provides that,

"if the board determines that a case has been improperly, incompletely or otherwise insufficiently developed or heard by the referee, it *may* remand the case to the referee for further evidence taking, correction or other necessary action." (Emphasis supplied.)

The decision as to whether the case ought to be remanded under that provision is within the Board's discretion. A Board rule provides guidance for the exercise of its discretion:

"If the motion for reconsideration is accompanied by additional evidence not otherwise in the record, the additional evidence will only be considered if the Board finds that: (a) the record, without the additional evidence, has been improperly, incompletely or otherwise insufficiently developed; *and* (b) the additional evidence *was unobtainable with due diligence by the moving party prior to its submission to the Board.*" OAR 438-12-065(3). (Emphasis supplied.)

The problem here is that the Board did not make any findings regarding the motion for reconsideration or explain its denial, other than to say that there were only two members on the Board and that they could not agree. We are unable to review an agency's action without the agency first making a decision. In reviewing the Board's exercise of discretion here, we need to know whether the Board concluded that, as employer alleges, claimant committed perjury at the earlier

hearing and whether evidence of that was "unobtainable with due diligence by the moving party prior to its submission to the Board." The Board has an obligation to express the results of its evaluation of a party's factual and legal assertions in the first instance. Accordingly, it is necessary to remand the case to the Board.

A number of employer's assignments of error concern whether the Board properly found claimant's injury to be compensable and properly assigned responsibility for the injury to it. In the light of our disposition in this case, however, we need not address them.

Reversed and remanded for proceedings not inconsistent with this opinion.