Argued and submitted September 22, reversed and remanded November 17, 1993

In the Matter of the Compensation of
Gary D. Gallino, Claimant.

Gary D. GALLINO,
*Petitioner,*

*v.*

COURTESY PONTIAC-BUICK-GMC
and SAIF Corporation,
*Respondents.*

(WCB 91-07125; CA A78248)

863 P2d 530

Edward J. Harri argued the cause for petitioner. On the brief were Jon C. Correll and Malagon, Moore, Johnson, Jensen & Correll.

Steve Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Claimant seeks review of a Workers' Compensation Board order holding that ORS 656.726(3)(f)(C) vests unreviewable discretion in the director of the Department of Insurance and Finance (DIF) to promulgate temporary disability standards when an impairment is not addressed by existing standards. He also seeks review of the Board's holding that it lacks authority to remand the matter to DIF for further agency action.

While at work, claimant compensably injured his knee. He first saw Dr. Smith and then Dr. Freudenberg. Freudenberg diagnosed grade II chondromalacia, a disability not covered by existing standards. Claimant became medically stationary and returned to work. A notice of closure awarded him 5 percent scheduled permanent disability for the use of his knee. Freudenberg had found a 15 percent loss of knee function due to the chondromalacia.

Claimant requested reconsideration on the ground that his disability was improperly rated. The Order on Reconsideration, dated May 29, 1991, found that

> "claimant was declared to be medically stationary on September 26, 1990 by his attending physician, Michael Casey, M.D. The closing examination failed to reveal any permanent loss of use or function in the claimant's injured left knee. However, the Notice of Closure * * * did find claimant to be entitled to 5 percent scheduled permanent partial disability as a result of a chronic condition, even though claimant was released to his regular work. We have concluded that this is adequate compensation for claimant's impairment * * *."

The reference to "Dr. Michael Casey" is enigmatic because the only Michael Casey in the record is a claims adjuster. Presumably the doctor referred to was Freudenberg, claimant's treating physician, who found a 15 percent loss of knee function due to grade II chondromalacia. The order contained no express finding that existing standards adequately addressed claimant's disability.

Claimant requested a hearing. ORS 656.268(6)(b). The referee found that claimant had chondromalacia and that the order on reconsideration made no finding concerning whether chondromalacia could be adequately addressed by

existing standards. However, he concluded that neither the Board nor its referees can compel the director to make findings about whether existing standards address claimant's disability and he affirmed.

On review, a divided Board affirmed the referee. The Board rejected claimant's argument that ORS 656.726 (3)(f)(C) required DIF to promulgate a temporary disability standard rating claimant's disability. The Board also held that it had no authority to remand an order to DIF for findings concerning whether claimant's chondromalacia is adequately addressed by existing standards.

■ ■    We first address whether ORS 656.726(3)(f)(C) requires DIF to promulgate a temporary rule when a disability is not addressed by existing standards. That statute reads in part:

> "When, upon reconsideration of a determination order or notice of closure pursuant to ORS 656.268, it is found that the worker's disability is not addressed by the standards adopted pursuant to this paragraph, notwithstanding ORS 656.268, the director shall stay further proceedings on the reconsideration of the claim and shall adopt temporary rules amending the standards to accommodate the worker's impairment."

SAIF argues that ORS 656.726(3)(f)(C) unambiguously grants the director sole discretion to determine whether a temporary rule is required to compensate claimant. However, that position cannot be squared with the mandatory language of the statute: Upon a finding that a disability is not addressed by existing standards the director *shall* stay further proceedings and *shall* adopt temporary rules. Under ORS 656.295(5), the Board has the authority to review the correctness of the director's application of standards. We understand that authority to include the power to review the director's application of existing standards to address chondromalacia.

■    SAIF next argues that, even if it were mandatory for the director to promulgate a temporary rule, the Board lacks authority to remand the order on reconsideration. SAIF cites *Pacheco-Gonzalez v. SAIF*, 123 Or App 312, 860 P2d 822 (1993), for the proposition that the statutory scheme makes no provision for the Board to remand a case to DIF. In *Pacheco-Gonzalez*, we said that ORS 656.283(7) did not

authorize the remand of cases to DIF when DIF did not consider the medical arbiter's report. 123 Or App at 317. We noted that the correct procedure was for the referee to hear the case. *Pacheco-Gonzalez* is distinguishable because, in that case, the referee could grant relief. Here, only the director can grant the relief requested. By necessary implication, the Board has the power to remand the case to the director and must do so. *See Ochoco Construction v. DLCD*, 295 Or 422, 426, 667 P2d 499 (1983).

Reversed and remanded.