Argued and submitted August 7, reversed and remanded for reconsideration
October 16, 1996

In the Matter of the Compensation of
Earin J. Hadley, Claimant.

Earin J. HADLEY,
*Petitioner,*

*v.*

CODY HINDMAN LOGGING
and SAIF Corporation,
*Respondents.*

(WCB 95-01763; CA A91835)

925 P2d 158

Michael A. Gilbertson argued the cause and filed the brief for petitioner.

Julene M. Quinn argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Claimant seeks review of an order of the Workers' Compensation Board. The Board ruled that SAIF Corporation had correctly computed the amount of temporary total disability (TTD) owed claimant following his compensable injury. Claimant disagrees and assigns error to the Board's interpretation of the phrase "extended gap" in OAR 436-60-025(5)(a). We reverse and remand for reconsideration.

The facts are not in dispute. Claimant is a logger who began working for employer in November 1993. Both claimant and employer contemplated that layoffs during the winter season were likely because of inclement weather conditions and that work would be more steady once summer arrived. Claimant sustained an injury in June 1994 that made him eligible for TTD benefits. SAIF computed the TTD amount based on claimant's average wage during the 26 weeks preceding his compensable injury. That period of time included layoffs, including a time during which claimant received unemployment compensation. The last period of layoff began in March 1994 and ended in May 1994, when employer called claimant back to work. Claimant contends that under OAR 436-60-025(5)(a), SAIF should have used only the four weeks' wages that claimant earned before his injury as the basis for the average. If that method is used, the TTD amount is considerably higher.

The text of OAR 436-60-025(5)(a) provides, in part:

> "For workers employed on call, paid by piece work or with varying hours, shifts or wages, insurers shall use the worker's average weekly earnings for the previous 26 weeks unless periods of extended gaps exist. When such gaps exist, insurers shall use no less than the previous four weeks of employment to arrive at an average."

OAR 436-60-025(5)(a) was adopted by the Director of the Department of Consumer and Business Services (Director) pursuant to ORS 656.210(2)(c), which provides in part:

> "For workers not regularly employed and for workers with no remuneration or whose remuneration is not based solely upon daily or weekly wages, the Director of the Department

of Consumer and Business Services, by rule, may prescribe methods for establishing the worker's weekly wage."

The statute acts to delegate certain rule-making authority to the Director. In *England v. Thunderbird*, 315 Or 633, 848 P2d 100 (1993), the Supreme Court summarized the three classes of statutory terms that delegate rule-making authority to an agency, " 'each of which conveys a different responsibility for the agency in its initial application of the statute and for the court on review of that application.' " *Id.* at 637, *quoting Springfield Education Assn v. School Dist.*, 290 Or 217, 233, 621 P2d 547 (1980). They are:

" '1.) Terms of precise meaning, whether of common or technical parlance, requiring only factfinding by the agency and judicial review for substantial evidence;

" '2.) Inexact terms which require agency interpretation and judicial review for consistency with legislative policy; and

" '3.) Terms of delegation which require legislative policy determination by the agency and judicial review of whether that policy is within the delegation.' " *Id.*

■ Specifically, ORS 656.210(2)(c) delegates to the Director broad authority to prescribe by rule "methods" of approximating the wage amount at the time of injury of those workers who are not regularly employed. So long as the Director prescribed a method that is within the delegation by the legislature, neither we nor the Board may substitute our own judgment regarding the method of computation. *See Booth v. Tektronix*, 312 Or 463, 473, 823 P2d 402 (1991) (holding that delegation of responsibility for policy refinement under a policy-delegating statute is to the agency, not to a reviewing court. The review function of a court is to determine whether the agency's decision is within the range of discretion allowed by the general policy of the statute.).

ORS 656.210 also contains an inexact term. ORS 656.210(2)(b)(A), provides that:

"[For the purposes of ORS 656.210(2)(a-c)] [t]he benefits of a worker who incurs an injury shall be based upon the wage of the worker *at the time of injury*." (Emphasis supplied.)

The phrase "wage * * * at the time of injury" is an inexact term, *i.e.,*:

> "[T]he legislature has expressed its meaning completely, but that meaning remains to be spelled out in the agency's rule or order. An inexact term gives the agency interpretive but not legislative responsibility." *England*, 315 Or at 638.

Respondents argue that we should defer to the Board's interpretation in this case. We disagree, because no delegative authority has been granted in this instance to the Board. Under ORS 656.210, the remainder of the Workers' Compensation Act and OAR 436-60-025(5)(c), the Board is required to apply the methods prescribed by the Director to the cases that come before it in a manner that is consistent with the intention of the legislature. *See Harrison v. Taylor Lumber & Treating, Inc.*, 111 Or App 325, 328, 826 P2d 75, (1992) ("The agency may not alter, amend, enlarge or limit the terms of an applicable statute by rule."). The Board concluded that an "extended gap" as used in OAR 436-60-025(5)(a), requires a break in the performance of work activities that causes a change in the employment relationship between the claimant and the employer. It reasoned that because the breaks in claimant's employment were seasonal and were anticipated, there was no change in the employment relationship. Therefore, the 26-week average was applicable because no "extended gap" occurred within the meaning of OAR 436-60-025(5)(a).

■ ■   The Director's rule is consistent with the legislature's intent. The best indication of legislative intent is the words of the statute themselves. *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991). ORS 656.210(2)(b)(A) contains a clear expression of a legislative policy to pay injured workers benefits based on the wage of the worker at the time of injury. The Director's rule fulfills the legislature's intention because, when extended gaps exist during the 26-week period, insurers are required to focus more directly on the worker's wage at the time of injury by using the no-less-than-four-weeks rule.

In contrast, the Board's interpretation of the Director's rule as applied to the facts of this case inhibits what the rule was meant to accomplish. According to the Board, an

"extended gap" requires more than a hiatus in employment. The Board adds the requirement to the rule that a change in employment relationship must occur if the four-week rule is to be used. That additional requirement disqualifies some workers from being compensated at a rate based on their wage at the time of the injury, even though there are gaps in the 26-week period of employment. Claimant is an example of that effect. At the time of the injury, he had been working more than four weeks since the end of the last layoff period and there were gaps in the previous 26 weeks of his employment. Nonetheless, under the Board's interpretation, he is compensated on the basis of earnings during a period of time that includes the gaps.

In sum, the Board has no delegative authority to add a requirement to the rule. It is required by law to apply the methods prescribed by the Director in accordance with the intent of the legislature. The Director's rule instructed the Board to use no less than the last four weeks of earnings as a basis for the computation of TTD benefits when extended gaps occurred. We conclude that the Board's interpretation constitutes an unauthorized limitation on the Director's authority granted from the legislature to prescribe methods of establishing wages at the time of injury.

Reversed and remanded for reconsideration.