Argued and submitted April 3, affirmed June 11, 1997

In the Matter of the Compensation of
Harry L. Lyda, Claimant.

STATE FARM INSURANCE COMPANY
and Harry Lyda Realty,
*Petitioners,*

*v.*

Harry L. LYDA,
*Respondent.*

(95-13520; CA A94571)

939 P2d 1181

Chess Trethewy argued the cause for petitioners. With him on the brief was Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

David W. Hittle argued the cause for respondent. With him on the brief was Burt, Swanson, Lathen, Alexander, McCann & Smith.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Insurer seeks review of an order of the Workers' Compensation Board (Board) holding that, pursuant to *former* OAR 436-60-025(5)(j), the Director of the Department of Consumer and Business Services (director) correctly calculated the rate of claimant's temporary total disability (TTD) based on his assumed annual wage of $18,000.[1] Insurer contends that the rule impermissibly deviates from the requirement of ORS 656.210(2)(c) that TTD benefits be based on the wage at the time of injury. We review to determine if the Board's interpretation of an inexact term is consistent with the statute, *England v. Thunderbird,* 315 Or 633, 638, 848 P2d 100 (1993), and affirm.

The facts are not in dispute. Claimant, a real estate broker, is president and sole shareholder of employer, Harry Lyda Realty. At the time of employer's incorporation in 1976, claimant elected workers' compensation insurance for himself as a subject worker. ORS 656.128. Each year, he paid an annual premium based on his estimated annual income, a figure that claimant provided when he applied for coverage. From July 25, 1981, to July 25, 1983, that figure was $18,155. Insurer used $18,000 as claimant's "assumed wage" and calculated claimant's annual premium based on that figure.

On March 10, 1983, claimant suffered a compensable, nondisabling injury. Pursuant to *former* OAR 436-60-025(5)(j), the Department of Consumer and Business Services (DCBS) ordered that claimant's TTD rate be calculated on the basis of the assumed wage of $18,000. However, a subsequent audit revealed that, at least for tax purposes, claimant had received no wage income from employer from July 25, 1982, to July 25, 1983. In December 1983, claimant declared that his total wage income from employer during the 1983 fiscal tax year was $6,000. In 1994, insurer notified

---

[1] *Former* OAR 436-60-025(5)(j) subsequently has been renumbered and amended by the director. OAR 436-060-0025(5)(k) (1996) now provides:

"For workers who are sole proprietors, partners, officers of corporations, or a limited liability company member including managers, insurers shall use the assumed wage on which the employer's premium is based."

WCD Admin. Order 96-053.

claimant that it was reducing his TTD benefits because it was going to begin calculating the rate on an annual wage of $6,000, rather than the $18,000 assumed wage.[2] Claimant disputed the reduction, and the dispute was referred to DCBS. On November 29, 1995, DCBS issued a Proposed and Final Order On Weekly Wage For Computing Temporary Disability Rate that required insurer to calculate claimant's TTD based on his assumed wage of $18,000. Insurer requested a hearing, contending that *former* OAR 436-60-025(5)(j) impermissibly deviates from the statutory requirement that TTD benefits be based on the wage at the time of injury. The administrative law judge concluded that the rule was consistent with the statute, and the Board affirmed.

ORS 656.210(2) provides, in pertinent part:

"(b)   For the purpose of this section:

"(A)   The benefits of a worker who incurs an injury shall be based on the wage of the worker at the time of injury.

"* * * * *

"(c)   * * * For workers not regularly employed and for workers with no remuneration or whose remuneration is not based solely upon daily or weekly wages, the Director of the Department of Consumer and Business Services, by rule, may prescribe methods for establishing the worker's weekly wage."

Based on the authority delegated in ORS 656.210(2)(c), the director promulgated *former* OAR 436-60-025(5)(j), which provided:

"For workers who are sole proprietors, partners or officers of corporations *insurers shall use the assumed wage on which the employer's premium is based.*"

(Emphasis supplied.)

Insurer's first assignment of error is that *former* OAR 436-60-025(5)(j) "fails to fulfill legislative intent" and exceeds the statutory parameters of ORS 656.210(2)(c).

---

[2] The record does not explain why a dispute over temporary total disability payments is occurring 11 years after claimant's injury.

According to insurer, in promulgating the rule, the director inappropriately incorporated language from ORS 656.128(1). That statute provides:

> "Any person who is a sole proprietor * * * may make written application to an insurer to become entitled as a subject worker to compensation benefits. Thereupon, the insurer may accept such application and fix a classification and *an assumed monthly wage* at which such person shall be carried on the payroll as a worker for purposes of computations under this chapter."

(Emphasis supplied.) Insurer further contends that our analysis in *Hadley v. Cody Hindman Logging,* 144 Or App 157, 925 P2d 158 (1996), is instructive in analyzing the director's error in promulgating *former* OAR 436-60-025(5)(j).

Claimant responds that ORS 656.210(2)(c) delegates broad authority to the director to prescribe the "method" for approximating the wage amount at the time of injury for those workers who are not employed regularly. Claimant argues that the director's rule is within the range of discretion allowed by the general policy of ORS 656.210(2)(c).

■ We need not consider insurer's argument that the director relied on ORS 656.128(1) in promulgating *former* OAR 436-60-025(5)(j), because that argument was not made below. Before the Board, insurer argued that the rule is an "unenforceable extension" of ORS 656.210. Insurer's argument regarding ORS 656.128(1) related only to claimant's failure to provide corroborative evidence of his wage at the time of injury, which is the subject of the second assignment of error. Arguments not raised in an administrative forum will not be considered on judicial review unless they concern errors apparent on the face of the record. *Kessler v. Board of Parole,* 145 Or App 584, 590, 931 P2d 801 (1997). We therefore turn to insurer's argument that *former* OAR 436-60-025(5)(j) is inconsistent with our holding in *Hadley.*

■ *Hadley* involved interpretation of the phrase "extended gaps" in *former* OAR 436-60-025(5)(a),[3] which also

---

[3] *Former* OAR 436-60-025(5)(a) provided, in part:

"For workers employed on call, paid by piece work or with varying hours, shifts or wages, insurers shall use the worker's weekly earnings for the

was adopted pursuant to ORS 656.210(2)(c). We reversed the Board's holding that defined "extended gaps" as a change in the employment relationship. We held that the Board's interpretation impermissibly added a requirement to OAR 436-60-025(5)(a). *Hadley,* 144 Or App at 162. We also held that the phrase "wage * * * at the time of injury" in ORS 656.210(2)(b)(A) is an inexact term, and that the director's calculation of claimant's wage at the time of injury more closely approximated legislative intent for workers with gaps in employment. *Hadley,* 144 Or App at 161.

Insurer's contention that *Hadley* mandates that the director calculate TTD benefits using actual wages at the time of injury for all workers is based on a misreading of that case. Insurer is correct that ORS 656.210(2)(b)(A) requires the director to fashion a rule to determine wages at the time of injury. In *Hadley*, however, the *amount* of the worker's wage could be determined with certainty. The question in *Hadley* was the determination of the *time period* within which to average those wages. The director's calculation, which used amounts closest to the time of injury for workers with gaps in employment, was the nearest approximation of legislative intent behind the phrase "wages * * * at the time of injury." In this case, by contrast, the amount of claimant's wage is difficult to ascertain. The director fashioned *former* OAR 436-60-025(5)(j) to approximate the wage at the time of injury for the class of workers identified in ORS 656.210-(2)(c): those who are not regularly employed or whose remuneration is not based solely on daily or weekly wages.

In examining the requirements of the rule at issue in *Hadley*, we held that ORS 656.210(2)(c) "delegates to the Director broad authority to prescribe by rule 'methods' of approximating the wage amount at the time of injury of those workers who are not regularly employed." *Hadley*, 144 Or App at 160. The method prescribed in *former* OAR 436-60-025(5)(j) is within the director's authority as a method of approximating the wage at time of injury for the category of workers described in ORS 656.210(2)(c).

---

previous 26 weeks unless periods of extended gaps exist. When such gaps exist, insurers shall use no less than the previous four weeks of employment to arrive at an average."

Furthermore, if insurer's reading of *Hadley* were correct, ORS 656.210(2)(c) would be without effect. According to insurer, *Hadley* requires the director to determine *all* workers' wages based on the actual wage at the time of injury. ORS 656.210(2)(c) unambiguously rejects that approach. It provides that for workers who are not "regularly employed and for workers with no remuneration or whose remuneration is not based solely upon daily or weekly wages," the director is authorized to "prescribe methods for establishing the worker's weekly wage." *Hadley* should not be read to eviscerate ORS 656.210(2)(c). *See* ORS 174.010 (judges may not omit from a statute language that the legislature has inserted).

■ Insurer also assigns error to the Board's failure to require corroborative evidence that claimant's income at the time of injury was $18,000 per year, claimant's reported assumed wage. In *SAIF v. Marshall*, 130 Or App 507, 882 P2d 1115, *rev den* 320 Or 492 (1994), we held that ORS 656.128(3) requires a sole proprietor to present corroborative evidence that the worker's injury is work related. In this case, it is not disputed that claimant's injury is work related. Consequently, insurer's reliance on *Marshall* is misplaced.

We reject without discussion insurer's argument that an employer who is also an injured worker may set his assumed wage without accountability.

Affirmed.