Argued and submitted May 13, 1996; resubmitted In Banc October 1, affirmed
December 24, 1997

In the Matter of the Compensation of
Milan F. Shubert, Claimant.

Milan F. SHUBERT,
*Petitioner,*

*v.*

BLUE CHIPS
and SAIF CORPORATION,
*Respondents.*

(94-08858; CA A89283)

951 P2d 172

Kimberley Chaput argued the cause and filed the brief for
petitioner.

Michael O. Whitty argued the cause and filed the brief for respondents.

DEITS, C. J.

De Muniz, J., dissenting.

## DEITS, C. J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) denying him an award of permanent partial disability (PPD). He challenges the validity of a temporary rule adopted by the Director of the Department of Consumer and Business Services (Director) pursuant to ORS 656.726(3)(f)(C) that amended the disability standards to address his impairment but awarded him no compensation. We affirm.

We recite the facts as found by the administrative law judge (ALJ). The Board adopted them, and they are supported by substantial evidence. ORS 183.482(8)(c). Claimant injured his left shoulder on April 30, 1987, and was eventually awarded unscheduled PPD of five percent. That award was later increased to 17 percent. On July 30, 1990, claimant underwent surgery to remove a screw that had been inserted in his shoulder to treat the original injury. Claimant filed an aggravation claim for his condition resulting from the surgery. That claim was closed by a July 30, 1991, determination order that did not award claimant any additional permanent disability benefits.

Following the issuance of that determination order, claimant obtained a report from Dr. Brenneke concluding that claimant suffered from a chronic condition that limited repetitive use of his left arm and shoulder and that claimant's surgery entitled claimant to an impairment value of 10 percent. Claimant's treating physician, Dr. Tesar, concurred in Brenneke's report. These reports were submitted by claimant in support of his request for reconsideration of the determination order awarding no additional PPD. The request for reconsideration also included a request to stay the reconsideration proceedings while, pursuant to ORS 656.726(3)(f), the Director adopted a temporary rule addressing the impairment value of the effects of the surgery. The ALJ concluded that a temporary rule was not required and affirmed the determination order. The Board, however, held that the effects of the screw-removal surgery was not addressed by the standards for rating disability and that, consequently, the Director was required to adopt a temporary rule.

Pursuant to ORS 656.726(3)(f)(C), the Board remanded the claim to the Director for adoption of a temporary rule addressing the appropriate standards for rating claimant's disability. On remand, the Director adopted OAR E38-6617, which provides, in part:

"This worker underwent Bristow repair and malleolar screw removal in the left shoulder. * * * Bristow repair of a dislocating shoulder improves the function of the shoulder and reduces the chance of dislocation. Removal of the screw fixation device does not result in recognized loss of shoulder function. In this case, the impairment value for these procedures shall be a value of zero. * * * Notwithstanding OAR 436-35-003, this rule applies only to WCD file no. E38-6617."

Claimant filed a request for hearing on the Director's decision. The ALJ upheld the Director's action. Claimant then appealed to the Board. The Board concluded that the Director, not the Board or the Hearings Division, has the statutory authority to adopt disability standards for particular conditions pursuant to ORS 656.726(3)(f)(C). The Board held that, under the specific statutory scheme, neither it nor the Hearings Division had the authority to substitute its judgment for that of the Director on disability standards.[1] The Board noted, as it had in previous decisions, that it did have the authority to review a temporary rule for consistency with the applicable statutes. *See Weston C. Foucher*, 47 Van Natta 1518 (1995); *Timothy H. Krushwitz*, 45 Van Natta 158 (1993). Based on its understanding of its review authority, the Board concluded that the rule at issue in this case was not inconsistent with the statute and that it lacked authority to invalidate the rule on any other basis.

Claimant first argues that the Board erred in concluding that it lacked authority to invalidate the Director's temporary rule. Claimant's argument in this assignment of error is based on the general assertion that the Workers' Compensation Board and the Director of the Department of Consumer and Business Services are one agency and that, therefore, it necessarily follows that the Board has complete

---

[1] However, the Board did hold alternatively that, even if it had the authority to substitute its judgment for that of the Director, it would not find the rule invalid.

authority to review the Director's rules. However, it is unnecessary to resolve the question of whether these entities technically constitute one agency, because the respective roles of the Director and the Board relating to the adoption of disability standards is specifically addressed by the applicable statutes. The Director is the entity specifically authorized by statute to adopt such standards. ORS 656.726(3)(f)(C) provides, in part:

> "When, upon reconsideration of a determination order or notice of closure * * * it is found that the worker's disability is not addressed by the standards adopted pursuant to this paragraph, * * * *the director* shall stay further proceedings on the reconsideration of the claim and *shall adopt temporary rules* amending the standards to accommodate the worker's impairment." (Emphasis supplied.)

Although throughout ORS chapter 656 the roles of the Director, Hearings Division and the Board, with respect to specific types of actions and how each is reviewed, are clearly detailed, there is no indication anywhere in chapter 656 that the Board has the authority to substitute its judgment for that of the Director regarding disability standards. The plain language of the statutes makes it clear that the legislature delegated that authority to the Director.

As we held in our decision in *Gallino v. Courtesy Pontiac-Buick-GMC*, 124 Or App 538, 863 P2d 530 (1993), however, if the Board determines that there is *no* existing standard to rate a disability, it does have the authority to remand the matter to the Director to adopt a standard. In concluding that the Board had that authority, we relied on the statutory provision that "upon a finding that a disability is not addressed by existing standards the Director *shall* stay further proceedings and *shall* adopt temporary rules." We concluded that if, in the course of a contested case proceeding on a claim, the Board decided that there was no disability standard that covered the claimant's condition, it was necessary for the Board to remand the matter to the Director to adopt such a standard.[2] That, of course, is what happened here.

---

[2] The question of whether the Board could substitute its judgment for that of the Director on a disability standard was not before this court in *Gallino*, and we did not address that question.

■ Further, there are no other general statutes that give the Board the authority to substitute its judgment for that of the Director regarding disability standards. ORS 183.400 generally governs the review of rules adopted by an agency. There is nothing in that statute, however, that provides authority for the Board to substitute its judgment for that of the Director regarding disability standards. Under ORS 183.400, the Director's rules are subject to direct review by this court. The only instance where direct review to this court is not available is when

"the petitioner is a party to an order or a contested case in which the validity of the rule may be determined *by a court*." ORS 183.400(1). (Emphasis supplied.)

Petitioner is a party to a contested case. Consequently, the rule may be and in fact is being reviewed pursuant to ORS 183.400 by *this court* in this judicial review.[3] We conclude that the Board's conclusions regarding its authority to review the Director's rule were correct.

Claimant's second assignment of error is that the Board erred in holding that the Director acted properly in promulgating a temporary rule awarding claimant zero disability. Claimant argues that the Board expressly found that claimant had sustained permanent impairment from the surgical procedure and that, by adopting a rule awarding zero disability, the Director "violated the law of the case."

The Board's order, however, directly disputes claimant's assertion that it found that claimant had a rateable disability. As the Board explained:

"Here, pursuant to our remand order, the Director found that claimant's left shoulder Bristow repair and malleolar screw removal surgery was not addressed by the

---

[3] Claimant did seek direct review by this court of the temporary rule in question here. We dismissed that request for review, however, based on our conclusion that we did not have jurisdiction, because

"petitioner is a party to a contested case pending before the Workers' Compensation Board in which the validity of the rule may be determined *by this court on* judicial review of the Board's order in that case." (Emphasis supplied.) *Shubert v. Department of Consumer and Business Services*, CA No. A86479, dismissed May 17, 1995, citing ORS 183.400(1).

We adhere to that holding.

'standards.' Our order did not determine whether or not claimant had ratable [*sic*] impairment as a result of the surgery, but merely determined that the surgical procedure was not addressed by the Director's 'standards.' In this regard, our review of a worker's permanent disability is limited to the application of the Director's 'standards.' ORS 656.295(5).

"\* \* \* \* \*

"The promulgation of a temporary rule does not automatically result in a worker receiving an impairment value. Not all impairment necessarily results in a worker receiving an impairment value under the 'standards.' For example, a worker is not entitled to an impairment value for all range of motion losses. Rather, the lost range of motion must meet the requisite level established by the Director's 'standards.' *See* OAR 436-35-330(1) (a worker not entitled to an impairment rating for the shoulder joint where he retains 150 degrees of forward elevation)."

Therefore, even assuming a law of the case principle would be applicable here, the Director's action was not inconsistent with the Board's determination and did not violate the law of the case.

Claimant's final argument is that, even if the Board was correct that the Director could adopt a rule that awarded claimant no rateable disability, the rule is nevertheless invalid, because, under ORS 656.726(3)(f) and the general provisions of the Administrative Procedures Act (APA), a rule must concern matters of general applicability, and this rule does not. Claimant contends that this temporary rule is case specific and, because of that, comes within the definition of an "order" rather than a "rule" under the APA. Accordingly, claimant argues that the required procedures for the adoption of an order must have been followed here.

■ Claimant may be correct that the Director's action here comes closer to the APA definition of an order rather than a rule. That argument would be persuasive were it not for the fact that here, a specific statute dictates the applicable procedures for the Director's action and, accordingly, that statute controls over the general APA definitions. ORS 174.020. As noted above, ORS 656.726(f) specifically directs the Director to adopt disability standards for specific cases as

temporary rules. It is within the legislature's authority to designate specific procedures for particular actions, even if the procedures are somewhat unusual, and it has done so here. The Board did not err in refusing to invalidate the Director's rule on the ground that it was improperly adopted as a rule.[4]

Affirmed.

**DE MUNIZ, J.,** dissenting.

The majority holds that the Board lacked authority to invalidate the director's temporary rule and that the director acted properly in promulgating a temporary rule awarding claimant zero disability. I disagree with both holdings and respectfully dissent.

I begin with the Board's authority to review the validity of temporary rules adopted pursuant to ORS 656.726(3)(f)(C). In *Gallino v. Courtesy Pontiac-Buick-GMC*, 124 Or App 538, 863 P2d 530 (1993),[1] we held that, under ORS 656.295(5), "the Board has the authority to review the correctness of the director's application of standards," and, under ORS 656.726(3)(f)(C), to remand to the director to amend those standards when they do not address a worker's disability. 124 Or App at 541-42. We cited the mandatory language of ORS 656.726(3)(f)(C) in rejecting SAIF's contention that the director has sole discretion to determine whether a temporary rule is required. *Id.* at 541 ("the director *shall* stay further proceedings * * * and *shall* adopt temporary rules").

The Board's power to remand for adoption of temporary rules must necessarily include the authority to review the rules actually adopted. Otherwise, those rules are unreviewable,[2] and the director is effectively granted sole discretion to determine whether a temporary rule is required. That

---

[4] The dissent would hold that the Director's rule is inconsistent with ORS 656.726(3)(f)(C) because it does not "accommodate" claimant's impairment. However, claimant does not make that argument on review.

[1] In *Gallino v. Courtesy Pontiac-Buick-GMC*, 124 Or App 538, 863 P2d 530 (1993), we referred to the director of the Department of Insurance and Finance (DIF), which has since been renamed the Department of Consumer and Business Services.

[2] For example, while his case was pending before the Board, claimant moved that this court determine whether we had jurisdiction outside of the contested case process to pass on the validity of the rule at issue. In an unpublished order, we ruled that we did not have jurisdiction because

is contrary to the mandatory language of ORS 656.726-(3)(f)(C) and our reasoning in *Gallino*. If the legislature had intended to insulate the director's temporary rules from Board review, it would have employed discretionary language (for example, "the director *may* stay further proceedings * * * and *may* adopt temporary rules"). By using mandatory language, however, the legislature intended to carve out a specific exception to the director's general authority to adopt disability standards. *See* ORS 174.020; *Smith v. Multnomah County Board of Commissioners*, 318 Or 302, 309, 865 P2d 356 (1994) (specific statute is deemed exception to inconsistent general statute).

Although it was not a part of our reasoning in *Gallino*, other language in ORS 656.295(5) and similar language in ORS 656.283(7) also reveal the legislature's intention that the Board review the temporary rules of the director. ORS 656.283(7)[3] and ORS 656.295(5)[4] provide, in part,

"petitioner is a party to a contested case pending before the Workers' Compensation Board in which the validity of the rule is at issue, and the validity of the rule may be determined by this court on judicial review of the Board's order in that case." *Shubert v. Department of Consumer and Business Services*, CA No. A86479, citing ORS 183.400(1).

In other words, we can determine the validity of the rule only as part of this contested case proceeding—*i.e.*, on review of the Board's order. However, if the Board lacks authority to address that issue, then so do we, because the validity of the rule is not part of the Board's order.

The majority asserts that "[p]etitioner is a party to a contested case and the rule may be and is, in fact, being reviewed, pursuant to ORS 183.400, by this court in this judicial review." 151 Or App at 715 (emphasis in original). That is so, however, only because we have determined that the Board had authority to review the validity of the rule. "We are unable to review an agency's action without the agency first making a decision." *Liberty Northwest Ins. Corp. v. Griggs*, 112 Or App 44, 49, 827 P2d 921 (1992). If the Board lacks authority to review the rule, as the majority would hold, then the Board has made no substantive decision as to that rule, and there is no agency action for this court to review.

Furthermore, although ORS 656.726(3)(f)(C) requires the director to submit temporary rules to the Workers' Compensation Management-Labor Advisory Committee for review at its next meeting, the committee is only authorized to make recommendations "to the director for such action *as the director deems appropriate*." ORS 656.790(2) (emphasis supplied). The committee cannot bind the director. Accordingly, in the absence of review by the Board, the director has unfettered discretion in adopting temporary rules. *But see Gallino*, 124 Or App at 541.

[3] ORS 656.283(7) provides, in part:

"The Administrative Law Judge shall apply to the hearing of the claim such standards for evaluation of disability as may be adopted by the director pursuant to ORS 656.726."

[4] ORS 656.295(5) provides, in part:

that the ALJ at the hearing of a claim and the Board on review of a claim *shall apply* the standards for evaluation of disability as may be adopted by the director pursuant to ORS 656.726. Application of disability standards by the ALJ and the Board must necessarily include the authority to determine the validity of those standards. The majority is wrong to conclude that the Board does not have the authority to review the validity of a temporary rule adopted by the director pursuant to ORS 656.726(3)(f)(C).

As to the validity of the rule, claimant contends that the director cannot adopt a rule that does not award PPD pursuant to ORS 656.726(3)(f)(C). The Board disagreed, holding that promulgation of a temporary rule does not always result in compensation. Rather, the impairment must satisfy the director's disability standards before a claimant is entitled to a PPD award. The Board concluded that claimant's impairment did not meet those standards here, because the screw-removal surgery was designed to improve the function of claimant's shoulder, and Dr. Brenneke failed to explain why he believed that the surgery resulted in a 10 percent impairment.

ORS 656.726(3)(f)(C) delegates to the director "certain rule-making authority." *See Hadley v. Cody Hindman Logging*, 144 Or App 157, 160, 925 P2d 158 (1996) (reaching same conclusion regarding ORS 656.210(2)(c)). There are three classes of statutory terms that delegate rule-making authority to an agency, "each of which conveys a different responsibility for the agency in its initial application of the statute and for the court on review of that application." *Springfield Education Assn. v. School Dist.*, 290 Or 217, 223, 621 P2d 547 (1980). Those classes are:

"1.) Terms of precise meaning, whether of common or technical parlance, requiring only factfinding by the agency and judicial review for substantial evidence;

---

"The board shall apply to the review of the claim such standards for the evaluation of disability as may be adopted by the director pursuant to ORS 656.726. Nothing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present evidence to establish by a preponderance of the evidence that the standards adopted pursuant to ORS 656.726 for evaluation of the worker's permanent disability were incorrectly applied in the reconsideration order[.]"

"2.) Inexact terms which require agency interpretation and judicial review for consistency with legislative policy; and

"3.) Terms of delegation which require legislative policy determination by the agency and judicial review of whether that policy is within the delegation." *Id.*

The application of ORS 656.726(3)(f)(C) in this case involves "inexact terms"—*i.e.*, the legislature has completely expressed its meaning, but that meaning must be spelled out in the agency's rule or order.[5] *England v. Thunderbird*, 315 Or 633, 638, 848 P2d 100 (1993).

"An inexact term gives the agency interpretive but not legislative responsibility. With respect to an inexact term, the role of the court is to determine whether the agency 'erroneously interpreted a provision of law,' ORS 183.482(8)(a), and the ultimate interpretive responsibility lies with the court in its role as the arbiter of questions of law." *Id.* (citations omitted).

In assessing whether the director "erroneously interpreted a provision of law," it is necessary to determine whether a temporary rule that awards no compensation "accommodate[s] the worker's impairment," as required under ORS 656.726(3)(f)(C). In construing a statute, our task is to discern the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). That analysis first requires an examination of the statute's text and context, proceeding to legislative history if, and only if, intent remains unclear. *Id.* at 610-12.

Although ORS 656.726(3)(f) grants the director authority to promulgate disability standards, subsection (C) *requires* the director to "adopt temporary rules amending the [disability] standards to accommodate the worker's impairment" when "it is found that the worker's disability is not

---

[5] The application of ORS 656.726(3)(f)(C) does not involve "exact terms," which "impart relatively precise meaning, *e.g.*, 21 years of age, male, 30 days, Class II, farmland, rodent, Marion County." *Springfield Education Assn. v. School Dist.*, 290 Or 217, 223, 621 P2d 547 (1980). Nor does it involve general "delegative terms," such as "good cause," "fair," "unfair," "undue" and "unreasonable," which the legislature uses when it cannot foresee all possible applications of a statute. *Id.* at 228.

addressed by the standards adopted pursuant to this paragraph." It is first necessary to determine whether there was a finding that claimant's disability was not addressed by the disability standards. In its initial order, the Board found *as fact* that claimant suffered a permanent impairment as a result of the screw-removal surgery. That finding was based on a report by Brenneke, who concluded that claimant suffered a loss of motion in his left arm and shoulder. Under ORS 656.214(1),[6] "permanent partial disability" includes the permanent and partial loss of use of an arm. The Board also found that neither the surgical procedure nor the resulting impairment was addressed by existing disability standards. Accordingly, the director was required, pursuant to the mandatory language of ORS 656.726(3)(f)(C), to adopt "temporary rules amending the standards to accommodate the worker's impairment."

The text of ORS 656.726(3)(f)(C) does not define "accommodate." In examining the text of a statute, we must apply rules of construction bearing directly on how to read that text, including the principle that words of common usage should be given their plain, natural and ordinary meaning. *PGE*, 317 Or at 611. The dictionary defines "accommodate" as "ADAPT: * * * make fit, suitable or congruous[.]" *Webster's Third New International Dictionary* 12 (unabridged ed 1993). The rule adopted here does not "adapt" the disability standards to "fit" claimant's impairment. Instead, it essentially ignores the Board's impairment finding, summarily concludes that this *type* of surgery "does not result in recognized loss of shoulder function" and assigns an impairment value of zero. The rule "accommodates" the *surgical procedure*, not the resulting impairment. That is not what the text of ORS 656.726(3)(f)(C) authorizes.

---

[6] ORS 656.214(1), provides, in part:

"(a) 'Loss' includes permanent and complete or partial loss of use.

"(b) 'Permanent partial disability' means the loss of either one arm, one hand, one leg, one foot, loss of hearing in one or both ears, loss of one eye, one or more fingers, or any other injury known in surgery to be permanent partial disability."

Reading those two subsections together, "permanent partial disability" means the permanent and complete or partial loss of use of one arm, one hand, one leg, one foot, etc.

I acknowledge that the director generally is granted authority to promulgate disability standards, ORS 656.726-(3)(f), and an impairment typically is not rateable unless it is covered by those standards. However, the entire thrust of subsection (C) is to *require* the director to make an impairment rateable when existing standards do not apply. As we held in *Gallino*, the director does not have discretion to determine whether a temporary rule is required under ORS 656.726(3)(f)(C). 124 Or App at 541. Allowing the director discretion to determine whether an impairment not covered by the standards is rateable, as the Board did here, involves an impermissible construction of the statute under *Gallino*. In my view, claimant is correct that a compensation award is a necessary consequence of remanding a case for adoption of a temporary rule pursuant to ORS 656.726(3)(f)(C). I would hold that the Board erred in concluding otherwise.

Leeson, Haselton, and Armstrong, JJ., join in this dissent.