Argued and submitted May 30, reversed and remanded for reconsideration
June 27, 2001

In the Matter of the Compensation of
Robert Dubray, Claimant.

Robert DUBRAY,
*Petitioner,*

*v.*

SAIF Corporation,
Pat Leamy, and Ted Sharp,
*Respondents.*

99-02514; A110816

27 P3d 519

R. Adian Martin argued the cause and filed the brief for petitioner.

Julene Marian Quinn argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges

PER CURIAM

## PER CURIAM

Claimant seeks review of an order of the Workers' Compensation Board affirming an order of an administrative law judge (ALJ) that determined the amount of claimant's permanent partial disability. He argues that the ALJ found that the existing rules do not cover his condition and that the ALJ should therefore have remanded the case to the Director for the promulgation of a temporary rule. *See* ORS 656.726(4)(f)(C); *Gallino v. Courtesy Pontiac-Buick-GMC*, 124 Or App 538, 863 P2d 530 (1993). SAIF argues that the ALJ correctly concluded that the existing rules apply to claimant's condition and that claimant failed to prove that he was entitled to additional compensation under those rules.

The difficulty with this case is that it is possible to read the ALJ's order to support both parties' interpretations. The ALJ may have concluded as a matter of law that he had no authority to remand the case because the director had expressly addressed the question of the adequacy of the existing rules. Alternatively, the ALJ may have determined as a matter of fact that the existing rules were adequate because they address claimant's disability. The first conclusion would raise a serious legal question under *Gallino*; the second could require review for substantial evidence. Because we do not know what the ALJ decided, we cannot review the order. On remand, the ALJ and the Board are to clarify the basis for the decision.

Reversed and remanded for reconsideration.