Submitted on record and briefs June 18, affirmed October 10, 2001

In the Matter of the Compensation of
Judith R. May, Claimant.

Judith R. MAY,
*Petitioner,*

*v.*

MULTNOMAH COUNTY ANIMAL CONTROL,
*Respondent.*

99-06575; A110579

33 P3d 387

R. Adian Martin filed the brief for petitioner.

Thomas Sponsler, County Attorney, and Jacqueline A. Weber, Assistant County Attorney, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Claimant underwent a hysterectomy resulting from an injury she suffered while lifting a heavy dog in the course of her employment as an animal control officer for Multnomah County Animal Control (employer). At the time of the surgery, she was 50 years old and had not reached menopause. Employer accepted her claim, which was ultimately closed by notice awarding no permanent disability. Claimant requested reconsideration and also requested that the Director of the Department of Consumer and Business Services (Director) promulgate a temporary rule pursuant to his authority under ORS 656.726(4). That statute provides, in pertinent part:

> "(4) The director hereby is charged with duties of administration, regulation and enforcement of * * * this chapter. To that end, the director may:
>
> "* * * * *
>
> "(f) Provide standards for the evaluation of disabilities. The following provisions apply to the standards:
>
> "* * * * *
>
> "(C) When, upon reconsideration of a notice of closure pursuant to ORS 656.268, it is found that the worker's disability is not addressed by the standards adopted pursuant to this paragraph, notwithstanding ORS 656.268, the director shall stay further proceedings on the reconsideration of the claim and shall adopt temporary rules amending the standards to accommodate the worker's impairment."[1]

The Director obliged, promulgating a rule that "assign[ed] an impairment value of zero percent as this worker was no longer within the generally accepted child bearing years." OAR 436-035-0500(3)(h) (2000). Based on that rule, the appellate reviewer found that claimant was "not due an award for unscheduled permanent partial disability." Claimant then requested a hearing and asked the administrative

---

[1] When this case began, the statute was numbered ORS 656.726(3)(f)(C). In 1999, the legislature renumbered the statute, Or Laws 1999, ch 876, § 9, and amended it in ways that do not affect our analysis. Thus, for purposes of this opinion, we refer to the current version of the statute.

law judge (ALJ) to remand the case to the Director for promulgation of a second rule, arguing that the first rule was legally insufficient because a rating of zero percent, resulting in no permanent partial disability, is not an "accommodation" as required by the statute. The ALJ rejected the request, and the Workers' Compensation Board affirmed the denial. We affirm as well.

■■ On judicial review, claimant does not argue that the statute permitting the Director to promulgate a case-specific "rule" deprives her of procedural due process, *cf. Koskela v. Willamette Industries, Inc.*, 331 Or 362, 15 P3d 548 (2000) (procedures for determining extent of permanent disability deprive claimant of procedural due process), nor does she argue that the Director's rule fails to address the facts of her particular case, *see Shubert v. Blue Chips*, 330 Or 554, 9 P3d 114 (2000) (temporary rule under ORS 656.726(4)(f)(C) must address claimant's particular situation). Claimant's only argument before this court, and thus the only argument we address, is that the Director exceeded his authority under ORS 656.726(4)(f)(C) because that statute requires him to "accommodate" claimant's disability, and a zero percent rating is not an "accommodation."

The argument does not survive *Shubert*. In that case, the claimant argued that a Director's temporary rule providing that "the impairment value" of his injury "shall be a value of zero" was inconsistent with ORS 656.726(4)(f)(C). The claimant's theory was that the statute allowed the Director to promulgate a case-specific rule for an unscheduled injury only if the injury was, in fact, a disability and that "accommodation" of the disability required recognition of it as such.[2] The Supreme Court disagreed:

> "ORS 656.726(4)(f)(C) requires the Director to adopt a temporary rule when 'it is found that a worker's disability is not addressed by [existing] standards.' * * * If the Director concludes that the condition at issue is not an impairment (or, at least, not one that is entitled to a positive impairment

---

[2] The claimant's argument in the Supreme Court was based on the reasoning of the dissenting opinion in this court. *See Shubert v. Blue Chips*, 151 Or App 710, 717, 951 P2d 172 (1997) (De Muniz, J., dissenting), *rev'd* 330 Or 554, 9 P3d 114 (2000).

rating), then the condition is not a disability and no temporary rule is required by ORS 656.726(4)(f)(C). However, the Director nevertheless might wish to explain his or her thinking in that regard. At least in theory, the Director can do so in two ways. First, the Director simply might announce that no temporary rule is required, because he or she has concluded that the condition at issue is not a disability. Alternatively, the Director could adopt a temporary rule that assigns to the condition an impairment value of zero. Either way, the Director would be announcing a legal conclusion that he or she must make to determine his or her obligations under ORS 656.726(4)(f)(C). Either way, the courts then could review the conclusion for legal error. We see nothing in either the wording or the logic of the statute that would preclude the Director from announcing his or her choice through the temporary rule device." *Shubert,* 330 Or at 559-60 (bracketed material in original).

This reasoning, although technically not the "holding" of *Shubert,* is nonetheless dispositive.

Affirmed.