Argued and submitted February 25, affirmed April 22 2020

In the Matter of the Compensation of
Richard Poland, Claimant.

Richard POLAND,
*Petitioner,*

*v.*

SAIF CORPORATION
and CGC Industries - Culver Glass Company,
*Respondents,*

*and*

STATE OF OREGON,
*Intervenor.*

Workers' Compensation Board
1702589; A167132

465 P3d 302

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Allison Lesh argued the cause and filed the brief for respondents.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Judy C. Lucas, Assistant Attorney General, filed the brief for intervenor.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Claimant petitions for judicial review of a final order of the Workers' Compensation Board (board). In that order, the board affirmed SAIF's computation of petitioner's temporary total disability (TTD) benefits. Because claimant's "remuneration is not based solely upon daily or weekly wages," SAIF computed those benefits under OAR 436-060-0025(4) (Feb 2, 2017), as it was required to do by ORS 656.210(2)(e). ORS 656.210(2)(e); *Tye v. McFetridge*, 342 Or 61, 67-69, 149 P3d 1111 (2006). On review, claimant does not dispute that SAIF correctly computed the rate of his TTD benefits under the method specified in the rule. Instead, he argues that the rule itself conflicts with ORS 656.210(2)(d)(A)'s requirement that TTD benefits be based on a worker's wage "at the time of injury." ORS 656.210 (2)(d)(A).

Claimant, who is paid by the hour but works irregular hours, notes that he received an increase in his hourly wage shortly before his injury. He contends that OAR 436-060-0025(4) (Feb 2, 2017), which provides that TTD benefits for a worker not paid a daily or weekly wage must be "based on the weekly average of the worker's total earnings for the period up to 52 weeks before the date of injury," results in a benefit that is not based on his wage "at the time of injury" because the averaging results in a TTD award based, in effect, on an hourly wage less than claimant's actual hourly wage at the time of injury. Claimant argues that the board erred in determining otherwise.

Our case law requires a contrary conclusion. As we have explained, the legislature has recognized that computing a worker's wage "at the time of injury" for a worker not paid by the day or by the week is not an exact science. For that reason, ORS 656.210(2)(e) grants the Director of the Department of Consumer and Business Services "broad authority to prescribe by rule 'methods' of approximating the wage amount at the time of injury of those workers who are not regularly employed." *Hadley v. Cody Hindman Logging*, 144 Or App 157, 159-60, 925 P2d 158 (1996). Because such methods necessarily result in *approximations* of such workers' wages, that means, at least for some workers, the

worker's assumed wage under the rule will deviate from what the worker's actual wage would be. But the existence of such a deviation does not, standing alone, establish that the director's rule is inconsistent with ORS 656.210. *See State Farm Ins. Co. v. Lyda*, 148 Or App 424, 426-30, 939 P2d 1181 (1997) (concluding that one of the director's previous rules for calculating TTD—based on the assumed wage from the claimant's premium—did not exceed the director's authority even when, as applied, the claimant's TTD benefit was based on an assumed annual wage of $18,000 instead of the claimant's actual annual wage of closer to $6,000). Beyond the fact that the averaging required by the rule effectively results in a TTD benefit based on an hourly wage that is less than claimant's actual hourly wage at the time of injury, claimant has identified no other basis for concluding that OAR 436-060-0025(4) (Feb 2, 2017), exceeds the broad authority given to the director by ORS 656.210(2)(e). Accordingly, we affirm.

Affirmed.